IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| TASHEIK ASHANTI CHAMPEAN<br>a/k/a Douglas Howell, | )<br>)<br>) | |
| Plaintiff, | )<br>) | |
| v. | )<br>) | Civil Action No. 1:16cv1254 (AJT/MSN) |
| MICHAEL RICH AND ZACHARY<br>TERWILLIGER, | )<br>)<br>) | |
| Defendants. | )<br>) | |

## **MEMORANDUM OPINION AND ORDER**

Tasheik Ashanti Champean a/k/a Douglas Howell, a federal inmate proceeding pro se, has filed a complaint pursuant to 28 U.S.C. § 1331 and Title 28 of the Code of Federal Regulations (*i.e.*, the Federal Acquisition Regulations). The named Defendants are Assistant United States Attorneys Michael Rich and Zachary Terwilliger, whom Plaintiff identifies as "acting agents for the Commonwealth of Virginia." Plaintiff has paid the statutory filing fee and the administrative fee for this action. After reviewing Plaintiff's submissions, the Court has determined that his suit must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) as frivolous.[1]

---

[1] Section 1915A provides:
   (a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
   (b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
      (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
      (2) seeks monetary relief from a defendant who is immune from such relief.

In reviewing a complaint pursuant to § 1915A, a court must dismiss a prisoner complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1).[2] Frivolous complaints are those that are based on "inarguable legal conclusion[s]" or "fanciful factual allegation[s]." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (examining identical language of predecessor statute to § 1915A).

The complaint in this case consists of several sections. In the first, entitled "Special Notice to the Court," Plaintiff notifies this Court of his "absolute ministerial right" to make a "restricted appearance" pursuant to Rule 8(E). Plaintiff identifies himself as "a real flesh and blood man, a State Citizen and Inhabitant of the County of Alexandria, Virginia, by SPECIAL VISITATION In Propria Personam, not general to present this, his Notice and Demand for written proof (verified and demonstrated evidence) of jurisdiction over His Proper Person and over the subject matter in the above entitled cause as known as 1:12-CR-191."[3] Plaintiff further asserts that a court has "no jurisdiction" to determine whether a complaint is subject to dismissal pursuant to Rule 12(b)(6) for failure to state a claim, Compl. at 2, and that "officers of the court have no immunity." *Id.* at 3. Plaintiff concludes that once this Court determines that jurisdiction is "lacking in the cause in question," he should be "assigned the minimum monetary values as per precedent . . . [of] $25,000.00 per 23 minute period, *i.e.* $65,217.91 per hour, plus punitive damages . . . ." *Id.* at 4.

---

[2] Although plaintiff in this case has paid the filing fee, "the plain language of [§1915A] clearly allows the court to conduct a review even if the plaintiff is not proceeding *in forma pauperis* and has paid the full fee." *Johnson v. Hill*, 965 F. Supp. 1487 (E.D. Va. 1997) (Smith, J.); *see also, In re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997) ("District courts are required to screen [pursuant to §1915A] all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is *pro se*, or is represented by counsel, as the statute does not differentiate between civil actions brought by prisoners.")

[3] In Case No. 1:12cr191, Plaintiff was convicted on April 12, 2013 of violating the Hobbs Act and using a firearm during the commission of a violent crime. The prosecutors were the present Defendants, AUSA's Rich and Terwilliger.

Plaintiff then attaches a document styled as an "International Commercial Affidavit Presented As/Under Letter Rogatory." He states that the document is filed "as lawful public notice" under provisions of the UCC, and that "[t]he Secured Party signatory herein is executing this instrument, under his signature, expressly to declare his status as a Non-Resident Alien," "with no duress, in accord with the terms of the aforementioned private agreement," *nunc pro tunc* to his eighteenth birthday. Compl. at 5.

Plaintiff next sets out a section captioned "Identification of Moving Party" in which he describes himself as a "natural born, free, Living, breathing flesh and blood human with sentient and moral existence, a real man upon the soil, a juris et du jure, also known as a Secured Party and an inhabitant, not a United States citizen." As such, "secured party/plaintiff is not a subject of, or to, the Virginia states Constitution or the United States Constitution, its Ordinances, Statutes, Codes or Regulations . . . ." Compl. at 7.

In the following "State [sic] of Issues," Plaintiff declares that he "tendered payment and a private administrative remedy to the named respondent through the Administrative Procedures Act . . . requesting that case No: 1:12-CR-191 be set off, settled and closed, and the Respondent obtained a court order for his release from custody." Plaintiff filed an Initial Financing Statement in the "commercial registry" at the Office of the New York Secretary of State. Respondents defaulted "by their own choice," and Plaintiff concludes that, accordingly, "there is no longer a controversy before the court." Compl. at 8.

Plaintiff then includes a Notice of Void Judgment, in which he argues that the courts to which members of the public currently have access "have no jurisdiction over living men. When the judge and the prosecutor use deceit and trickery to cause the living man to believe he is actually the defendant, those public officials have breached their fiduciary duties, and

breached their contract with the public, and are subject to legal actions." Compl. at 10. Plaintiff asserts in a section entitled "Jurisdiction" that the burden of proving jurisdiction lies with "the asserter" – in this case, the named Defendants – but although they have "had time and 2 different chances to respond," they have "gone silent." Compl. at 11. Plaintiff "revokes rescinds and cancels all signatures," Compl. at 12, and declares himself the "Grantor and Sole beneficiary of the TASHEIK CHAMPEAN, SR. *Cestui Que Vie trust*, a document vessel under the United States registry . . . ." Compl. at 13 - 16. In a "caveat," Plaintiff observes that Defendants have "had every chance to respond to the Proof of Claim that was addressed and sent to them by Certified Mail" and declares that "for the Court Record," Defendants "must comply with the Proof of Claim answering each question that has been presented by Affidavit Form and sent back to the Court.' Compl. at 16. Plaintiff then provides "Judicial Notice" that he "appoints" the Defendants "as co-trustees for a judicial or administrative matter in which the TASHEIK CHAMPEAN, SR. *Cestui Que Vie trust* may be involved, past, present, and future, and specifically for Case No. 1:12-CR-191," and he "specifically appoint[s] the trustees to settle and close the matter," "zeroing the account," while "exercis[ing] scrupulous good faith and candor towards, and for the benefit and on behalf of, TASHEIK CHAMPEAN, SR." Compl. at 18.

Last, in a section entitled "Relief Sought and Conclusion," Plaintiff asserts that Defendants "knowingly and willingly allow[ed] the STATE OF VIRGINIA to proceed against the Secured Party, committing a malfeasance of justice, through negligence and/or inadvertence . . . ." He states that "the Secured Party is the Holder-in-Due-Course and has established an un-rebuttable Superior Claim over that of the STATE OF VIRGINIA over the debtor." Therefore, he argues, the judgment in Case No. 1:12cr191 must be "vacated for want to Subject Matter Jurisdiction and Dismiss [sic] with Prejudice;" he should be discharged from the custody of the State of Virginia;

and a hearing should be convened to appoint Michael Rich and Zachary Terwilliger as "Trustee[s] of TASHEIK CHAMPEAN, SR. and released/discharged from any and all alleged obligations to the State of Virginia." Compl. at 19-20. Plaintiff has appended a number of exhibits to the complaint, including a UCC Financing Statement and numerous other financial documents.

To the extent to which Plaintiff's allegations are comprehensible, it is readily apparent that they are based on "inarguable legal conclusion[s]" and "fanciful factual allegation[s]." *Neitzke*, 490 U.S. at 325.[4] Accordingly, the complaint is frivolous, and it is hereby

ORDERED that the complaint be, and the same hereby is, DISMISSED WITH PREJUDICE as frivolous pursuant to § 1915A(b)(1).

**This is a final order for purposes of appeal.** To appeal, plaintiff must file a written Notice of Appeal with the Clerk of the Court within sixty (60) days of the date of this Order. *See* Fed. R. App. P. 4(a). A Notice of Appeal is a short statement stating a desire to appeal an order and identifying the date of the order plaintiff wishes to appeal. Failure to file a timely Notice of Appeal waives plaintiff's right to appeal this decision.

The Clerk is directed to forward a copy of this Memorandum Order and Opinion to Plaintiff and to close this civil action.

---

[4] Certain of Plaintiff's allegations suggest that he may be attempting to claim entitlement to release based on the Redemptionist theory. *See Monroe v. Beard*, 536 F.3d 198, 203 n.4 (3d Cir. 2008). In part, Redemptionists posit that a person has a split personality, consisting of a real or "living" person and a fictional entity known as a "strawman," and that the government has power only over the latter. Pursuant to this doctrine, the real person can free himself from incarceration by filing UCC financing statements or other financial documents, as petitioner apparently sought to do here, thereby acquiring an interest in his strawman. Thereafter, the real person theoretically can demand that government officials pay enormous sums of money to use the strawman's name or to keep him in custody. *McLaughlin v. CitiMortgage, Inc.*, 726 F.Supp.2d 201, 210 (D. Conn. 2010). If Petitioner in this action in fact is seeking to establish some sort of entitlement pursuant to the Redemptionist theory, such an argument "has absolutely no legal basis," *Tirado v. New Jersey*, Civil No. 10-3408 (JAP), 2011 WL 1256624, at *4-5 (D.N.J. Mar. 28, 2011) and "is legally frivolous." *Ferguson-El v. Virginia*, Civil Action No. 3:10CV577, 2011 WL 3652327, at *3 (E.D. Va. Aug. 18, 2011) (Payne, J.).

/s/
Anthony J. Trenga
United States District Judge

Alexandria, Virginia
November 10, 2016